IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § CRIMINAL NO.1:11cr50-LG-RHW-002 |
| | § |
| MARK D. BROOME | §                          DEFENDANT |
| | § |

**ORDER DENYING DEFENDANT'S MOTION
FOR HEARING ON CO-CONSPIRATOR STATEMENTS**

BEFORE THE COURT is the Motion [61] for Hearing on Co-Conspirator Statements filed by Defendant Mark Broome. Defendant asks the Court to exclude co-conspirator statements pursuant to Rules 104(a) and 801(d)(2)(E) of the Federal Rules of Evidence unless and until the Court holds a *James*[1] hearing. The Court has considered the motion, the Government's Response [66], and the relevant legal authority. The motion is denied.

I. DISCUSSION

On May 17, 2011, Defendant was charged in an indictment [1] with conspiracy to manufacture methamphetamine, a Schedule II narcotic substance, as prohibited by 21 U.S.C. § 841, in violation of 21 U.S.C. § 846. Defendant moves the Court for an order preventing the Government from using in its case-in-chief any alleged statements by co-conspirators unless and until the Court determines their admissibility under Rule 801(d)(2)(E) of the Federal Rules of Evidence. Defendant

---

[1] *United States v. James*, 590 F.2d 575 (5th Cir. 1979)

asserts that the Court must determine by a preponderance of the evidence that a conspiracy existed, that the declarant and Defendant were members of the conspiracy, and that the statement was made during the course and in furtherance of the conspiracy.  The Government responds that it is premature to determine whether the co-conspirator statements meet the requirement of *James*, and asks that Defendant's Motion be held in abeyance.

For a statement to be admissible under Rule 801(d)(2)(E), "there must be evidence that there was conspiracy involving the declarant and the nonoffering party, and that the statement was made 'during the course and in furtherance of the conspiracy.'" *Bourjaily v. United States*, 483 U.S. 171, 175 (1987); *see also* FED. R. EVID. 801(d)(2)(E)(providing that a statement is not hearsay if the statement is offered against a party and is a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy).  The admissibility of such statements is a preliminary question for the court to decide.  *See United States of America v. Ho*, No. CR. A. 01-069, 2001 WL 487379, at * 1 (E.D. La. May 7, 2001)(*citing Bourjaily*, 483 U.S. at 175); *see also* FED. R. EVID. 104(a).

The Fifth Circuit has made it clear that pretrial hearings regarding the admissibility of co-conspirator statements are not required.  *Ho*, 2001 WL 487379, at *1 (*citing United States v. Fragoso*, 978 F.2d 896, 899 (5th Cir. 1992)).  The *James* court stated that "[t]he district court should, whenever reasonably practicable, require the showing of a conspiracy and of the connection of the

defendant with it before admitting declarations of a coconspirator," but also recognized that it is sometimes not reasonably practicable "to require the showing to be made before admitting the evidence." *James*, 590 F.2d at 582 (noting that "the court may admit the statement subject to being connected up" at a later time); *see also Fragoso*, 978 F.2d at 900. Consequently, courts within this Circuit are allowed to carry *James* motions "through trial or at least through presentation of the government's case until a determination of the existence of the Rule 801(d)(2)(E) predicate facts can be appropriately made." *Fragoso*, 978 F.2d at 900.

Moreover, deferring a *James* motion "is particularly appropriate in cases in which holding a pretrial hearing would, in effect, result in trying the case twice and wasting valuable judicial resources and time." *United States v. Carroll*, No. CRIM. A. 99-98, 2000 WL 45870, at * 5 (E.D. La. Jan. 20, 2000)(*citing United States v. Gonzalez-Balderas*, 11 F.3d 1218, 1223 (5th Cir. 1994)); *see also United States v. Acosta*, 763 F.2d 671, 679 (5th Cir. 1985)(upholding the district court's determination that "if we had to have a separate independent hearing insofar as the conspiracy is concerned, we in effect would be trying this lawsuit two times").

Based on the foregoing authorities as well as the circumstances of this case, the Court is of the opinion that it would not be appropriate to conduct an independent pretrial evidentiary hearing on the admissibility of co-conspirator statements. The Court will deny Defendant's Motion for a Hearing on Co-Conspirator Statements.

**SO ORDERED AND ADJUDGED** this the 19th day of September, 2011.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE

## II.  CONCLUSION

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated more fully above, the Motion [61] for a Hearing on Co-Conspirator Statements should be and is hereby **DENIED**.